**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00936

LEXI TEHVEN,

      Plaintiff,

v.

AY TRUCKING, INC. and MIKHAIL MATSKEVITCH,

      Defendants.

_____

**NOTICE OF REMOVAL**
_____

Defendant AY Trucking, Inc. ("Defendant" or "AY Trucking"), by and through its undersigned counsel, Hall & Evans LLC, hereby files its Notice of Removal of this action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado. As grounds for this removal, Defendant states that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, and in further support of its Notice of Removal, states and alleges as follows:

## I.   <u>INTRODUCTION</u>

1.     Defendant is named in a civil action brought by Plaintiff Lexi Tehven, in the District Court, Denver County, State of Colorado. The State Court action is captioned *Lexi Tehven v. AY Trucking, Inc. and Mikhail Matskevitch,* Civil Action No. 2020CV34223. The aforementioned action was filed on or about December 11, 2021. Defendant AY Trucking was served on March 2, 2021. Defendant Statewide Transport, Inc. was served on March 2, 2021. Therefore, this Removal is timely pursuant to 28 U.S.C. §1446(b)(1).

2.      Upon information and belief, Defendant Matskevitch has not yet been served.

3.      Pursuant to 28 U.S.C. § 1446(a), the following instruments, which were filed in the Colorado state court action, are attached hereto as designated below:

a.      **Exhibit A** – Complaint and Jury Demand

b.      **Exhibit B** – Civil Case Cover Sheet

c.      **Exhibit C** – Delay Reduction Order

d.      **Exhibit D** – Pretrial Order

e.      **Exhibit E** – Entry of Appearance for Jessica L. Breuer, Esq.

f.      **Exhibit F** – Motion for a 30 Day Extension of Time to File a Return of Service for Defendants' AY Trucking, Inc. and Mikhail Matskevitch, Proposed Order, and Order granting same

g.      **Exhibit G** – Summons to AY Trucking, Inc.

h.      **Exhibit H** – Motion for a 30 Day Extension of Time to File a Return of Service for Defendants Mikhail Matskevitch or Alternatively, to Substitute Service Through Defendants' AY Trucking, Inc. and Makhail Matskevitch's Insurer, Sentry Select Insurance Company pursuant to C.R.S. §42-7-414, Proposed Order, and Order granting same

i.      **Exhibit I** – Return of Service for AY Trucking, Inc.

j.      **Exhibit J** – Docket

4.      In Plaintiff's Complaint filed in Denver County District Court, Plaintiff alleges that on December 14, 2017, Plaintiff was driving her vehicle northbound on North Colorado Boulevard approaching East 14th Avenue when traffic in front of her came to a stop and she came to a stop behind the vehicle stopped in front of her, and Defendant Matskevitch, driving a vehicle on behalf

2

of Defendant AY Trucking, Inc. failed to stop before colliding with Plaintiff's vehicle. (Exhibit A, ¶¶ 13, 16-18). Plaintiff alleges that she was seriously injured as a result of the accident, including post-concussive symptoms, whiplash injury, locked jaw, cervicogenic headache, and exacerbation of upper back pain, neck pain, bulging discs, and rotator cuff tear, and suffered damages in an amount to be proven at trial. (Exhibit A, ¶¶ 28-30).

## II.   <u>DIVERSITY JURISDICTION</u>

1.      This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

## A.      THE PARTIES ARE CITIZENS OF DIFFERENT STATES

2.      This Court possesses diversity jurisdiction over Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Colorado and resides in the state of Colorado. (Exhibit A, ¶ 1). *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) (finding that "[f]or purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile.").

3.      Defendant Mikhail Matskevitch is a citizen and resident of Okaloosa County, Florida, residing at 513 Circle Drive, Apartment A3, Fort Walton Beach, FL 32548. (Exhibit A, ¶ 3). *See Crowley*, *supra*.

4.      Defendant AY Trucking, Inc. was a foreign corporation at the time of the subject motor vehicle accident with its principal office location in Bensalem, PA (*See* Exhibit A at ¶ 2 and the Rule 7.1 Corporate Disclosure Statement filed contemporaneously with this Notice of

Removal). *See* 28 U.S.C. § 1332(c) (holding "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see also Crowley*, *supra*.

5.      For purposes of federal diversity jurisdiction, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a)(1).

**B.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

6.      Plaintiff's Civil Case Cover Sheet filed in Denver County District Court represents to the Court that Plaintiff is seeking a "monetary judgment over $100,000.00" against Defendants. (Exhibit B, p. 2).

7.      "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

8.      Similarly, in determining the amount in controversy, a court may look to the object sought to be accomplished by the Plaintiff's Amended Complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose). Plaintiff seeks damages for "past and future medical and rehabilitation expenses, loss of past and future income, and out-of-pocket expenses" and "non-economic damages including, but not limited to: past and future pain, suffering, inconvenience, emotional distress, mental anguish, and impairment of the quality of life." (Exhibit A, ¶¶ 29-30). Plaintiff's Complaint allegations indicate that she seeks damages greatly exceeding $75,000.

9.      When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

10.     Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, in her Civil Case Cover Sheet. *See* Exhibit B. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016). The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings." *Id.*

11.     Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

12.     Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

13.     Defendant hereby certifies that neither a trial nor any hearings in this matter have been set in the Denver County District Court, State of Colorado.

14.     Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCiv.R. 81.1.

15.     A copy of this Notice of Removal is being filed with the Clerk of the District Court, Denver County, State of Colorado, and is being served on Plaintiff's counsel as specified on the attached Certificate of Service.

16.     All grounds for removal from state district court have been met.

WHEREFORE, Defendant AY Trucking, Inc. hereby removes the above-captioned action from Denver County District Court, Case No. 2020CV34223, to the U.S. District Court for the District of Colorado as provided by law and will proceed with this action as if it had originally been commenced in this Court.

Respectfully submitted this 1st day of April, 2021.

Hall & Evans, LLC


_s/ Amy T. Johnson_
Lance G. Eberhart
Amy T. Johnson
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 628-3300
Facsimile: (303) 628-3368
eberhartl@hallevans.com
johnsona@hallevans.com
_Attorneys for Defendant AY_
_Trucking_

**CERTIFICATE OF SERVICE  (CM/ECF)**

I hereby certify that on this 1st day of April, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Stephen J. Burg
Jessica L. Breuer
Burg Simpson Eldredge Hersh & Jardine, PC
40 Inverness Drive East
Englewood, CO 80112
E-mail:  sburg@burgsimpson.com;
jbreuer@burgsimpson.com
*Counsel for Plaintiff*

s/ Annah Hillary
Legal Assistant to:
Lance G. Eberhart
Amy T. Johnson
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 628-3300
Facsimile: (303) 628-3368
eberhartl@hallevans.com;
johnsona@hallevans.com
Attorneys for Defendants