| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street Denver, CO 80202<br>(303) 606-2303 | DATE FILED: December 11, 2020 5:23 PM<br>FILING ID: 38DCA45C37F41<br>CASE NUMBER: 2020CV34223 |
| Plaintiff:<br>**LEXI TEHVEN**<br><br>v<br><br>Defendants:<br>**AY TRUCKING, INC. and MIKHAIL MATSKEVITCH** | |
| | ▲  COURT USE ONLY  ▲ |
| **ATTORNEY FOR PLAINTIFF:**<br>Name:        Stephen J. Burg, Reg. No. 39789<br>Address:     Burg Simpson Eldredge Hersh & Jardine, P.C.<br>                   40 Inverness Drive East<br>                   Englewood, Colorado, 80112<br>Phone No.:  (303) 792-5595<br>Fax No.:      (303) 708-0257<br>E-Mail:       sburg@burgsimpson.com | Case No:<br><br>Div: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW**, Plaintiff, Lexi Tehven, by and through her attorneys, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., submits her Complaint and Jury Demand against the Defendants AY Trucking, Inc. and Mikhail Matskevitch, as follows:

## PARTIES

1.  Plaintiff Lexi Tehven is a citizen and resident of Arapahoe County, Colorado, residing at 324 Inverness Drive South, Apartment 7205, Englewood, CO 80112.

2.  Defendant AY Trucking, Inc. is a Pennsylvania Corporation with its principal offices at 445 Winks Lane, Bensalem, PA 19020.

3.  Defendant Mikhail Matskevitch is a citizen and resident of Okaloosa County, Florida, residing at 513 Circle Drive, Apartment A3, Fort Walton Beach, FL 32548.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9.

**Exhibit A**

5.     The Court has personal jurisdiction over Defendants by virtue of their commission of tortious actions in Colorado that caused injury and damages in Colorado to a Colorado resident, all pursuant to C.R.S. § 13-1-124(1)(b).  The Court has personal jurisdiction over Defendant AY Trucking, Inc. by virtue of its operations and presence in Colorado, by transacting business in or directed at Colorado, by being at home in Colorado, and by otherwise purposefully availing itself of the benefits and privileges of Colorado law by regular, continuous and systematic contacts with Colorado.

6.     Venue is proper in this Court, pursuant to C.R.C.P. 98(c)(5) because the Defendants' tortious conduct in Denver County, Colorado.

## GENERAL ALLEGATIONS

7.     On December 14, 2017, at approximately 12:15 p.m., Plaintiff Lexi Tehven was driving her vehicle, a 2016 Audi, northbound in the middle lane on North Colorado Boulevard at East 14th Avenue in the City of Denver, County of Denver, Colorado.

8.     On December 14, 2017, at approximately 12:15 p.m., Defendant Mikhail Matskevitch was driving 2017 Peterbilt Motors Co Truck VIN 1NXDP9X4HD391033, owned by AY Trucking Inc., also traveling northbound in the middle lane on North Colorado Boulevard at East 14th Avenue in the City of Denver, County of Denver, Colorado.

9.     The vehicle being driven by Defendant Mikhial Matskevitch bore the logo "AY Trucking" on its doors and had US DOT number 1811492 on it, which is the US DOT number for Defendant AY Trucking, Inc.

10.    On December 14, 2017, all Defendants were subject to the minimum requirements of the Federal Motor Carrier Safety Regulations, the Department of Transportation, and Colorado Department of Transportation, including, but not limited to, the adopted and authorized provisions of C.R.S. § 42-4-235(4)(a)(I).

11.    On December 14, 2017, Defendant Mikhail Matskevitch was driving a vehicle owned, serviced, and maintained by his employer, Defendant AY Trucking, Inc.

12.    On December 14, 2017, Defendant Mikhail Matskevitch was driving for business purposes on behalf of his employer, Defendant AY Trucking, Inc.

13.    On December 14, 2017, Defendant Mikhail Matskevitch was acting in the course and scope of his employment with the Defendant AY Trucking, Inc.

14.    Prior to December 14, 2017, Defendant Mikhail Matskevitch had numerous traffic violations resulting in many years of suspension of his driving privileges:

Sanctions

| **Action Required | Effective Date | County | State | Length | Description | Added To Record Date | *Notice Provided Date | Requirements Completed Date |
|---|---|---|---|---|---|---|---|---|
| No | 12-02-2001 | SANTA ROSA | | 6 Months | DRIVE W/UNLAW BAL(.08% OR ABOVE) SUSPENSION CITATION NUMBER: 174418J DHSMV ACTION EFFECTIVE THROUGH 06-01-2002 | 01-25-2002 | 01-25-2002 | 10-10-2002 |
| No | 01-03-2002 | SANTA ROSA | | 180 Days | DUI-PROPERTY DAMAGE/PERSONAL INJ REVOCATION IS A RESULT OF VIOLATION NUMBER 3 CITATION NUMBER: 174418J COUNTY COURT ACTION EFFECTIVE THROUGH 07-01-2002 | | 02-08-2002 | 10-10-2002 |
| No | 11-10-2004 | ESCAMBIA | | 1 Year | REFUSE SUBMIT BREATH/URINE/BLOOD TEST SUSPENSION CITATION NUMBER: 0292XAR DHSMV ACTION EFFECTIVE THROUGH 11-09-2005 | 11-17-2004 | 11-17-2004 | 06-16-2010 |
| No | 01-26-2005 | ESCAMBIA | | 5 Years | DRIVING UNDER THE INFLUENCE REVOCATION IS A RESULT OF VIOLATION NUMBERS 3, 13 DHSMV ACTION EFFECTIVE THROUGH 01-25-2010 | | 02-18-2005 | 06-16-2010 |
| No | 06-12-2017 | | FL | Indefinite | FAILED TO FILE MED CERT/DISABILITY INFO DISQUALIFICATION OF CMV DRIVING PRIVILEGE DHSMV ACTION | 05-15-2017 | 05-22-2017 | 08-07-2017 |

15.    On information and belief, prior to December 14, 2017, Defendant AY Trucking, Inc. knew or should have known about Defendant Matskevich's driving history of numerous traffic violations resulting in many years of suspension of his driving privileges.

16.    On December 14, 2017, as Plaintiff Tehven was driving her vehicle northbound on North Colorado Boulevard approaching East 14th Avenue, traffic in front of her came to a stop.

17.    In order to avoid colliding with any traffic stopped in front of her, Plaintiff Tehven came to a stop behind the vehicle stopped in front of her.

18.    As Defendant Matskevich vehicle was traveling, approximately 30 mph, northbound on North Colorado Boulevard approaching East 14th Avenue, he failed to observe that the traffic in front of him was at a stop and, as a result, violently collided into the rear of Plaintiff's vehicle.

19.    After Defendant Matskevich struck the rear of Plaintiff's vehicle, Plaintiff's vehicle was pushed into the rear of the vehicle in front of her.

20.    At the time of the collision, Plaintiff Tehven was utilizing the safety restraints provided in her vehicle.

21.    As a result of the collision, the vehicle operated by Defendant Mikhail Matskevich and owned by Defendant AY Trucking, Inc. sustained front end damage.

22.    As a result of the collision, Plaintiff Lexi Tehven's vehicle sustained front and rear end damage.

23. Defendant Matskevitch's actions and inactions on December 14, 2017 were careless, reckless, and negligent.

24. Defendant AY Trucking Inc.'s actions and inactions on December 14, 2017 were careless, reckless, and negligent.

25. All Defendants acted in concert in their operation, ownership, and maintenance of the vehicle Defendant Matskevitch was driving on December 14, 2017.

26. All Defendants pursued a common plan in their operation, ownership, and maintenance of the vehicle Defendant Matskevitch was driving on December 14, 2017.

27. All Defendants' actions and inactions create joint and several liability between them, pursuant to C.R.S. § 13-21-111.5(4).

28. As a direct and proximate result of the Defendants' careless, reckless, and negligent actions, Plaintiff suffered serious bodily injury and trauma including, but not limited to: post-concussive symptoms, whiplash injury, locked jaw, cervicogenic headache, and exacerbation of upper back pain, neck pain, bulging discs, and rotator cuff tear.

29. As a direct and proximate result of the Defendants' careless, reckless and negligent actions, inactions, and conduct, Plaintiff has suffered and will continue to suffer into the future economic losses and damages including, but not limited to, past and future medical and rehabilitation expenses, loss of past and future income, and out-of-pocket expenses.

30. As a direct and proximate result of the Defendants' careless, reckless, and negligent actions, inactions, and conduct, Plaintiff has suffered non-economic damages including, but not limited to: past and future pain, suffering, inconvenience, emotional distress, mental anguish, and impairment of the quality of life.

31. As a direct and proximate result of the Defendants' careless, reckless, and negligent actions, inactions, and conduct, Plaintiff has suffered disfigurement and permanent physical impairment.

## FIRST CLAIM FOR RELIEF
### (Negligence against Defendant Mikhail Matskevitch)

32. Plaintiff incorporates and re-alleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

33. Defendant Mikhail Matskvitch owed a duty to exercise reasonable care to Plaintiff while operating Defendant AY Trucking, Inc.'s vehicle on a Colorado roadway, including, but not limited to, the duty to pay attention to traffic on the road, the duty to maintain a proper lookout, and the duty to refrain from following other vehicles too closely.

34.    Defendant Mikhail Matskevitch owed a duty to operate Defendant AY Trucking, Inc.'s vehicle in a manner that did not create an unreasonable risk of harm to others, and specifically to Plaintiff.

35.    Defendant Mikhail Matskevitch further owed Plaintiff a duty to drive prudently, carefully, safely and cautiously, including, but not limited to the duty to operate the vehicle consistently with the minimum requirements of the Federal Motor Carrier Safety Regulations, Department of Transportation and Colorado Department of Transportation, the duty to keep a proper lookout, to pay attention to traffic on the road, the duty to maintain a safe distance between him and the vehicle in front of him and the duty to stop Defendant AY Trucking, Inc.'s vehicle for stopped traffic and not rear-end the vehicle in front of him.

36.    Defendant Mikhail Matskevitch breached his duties by failing to operate his vehicle in a safe and reasonable manner by among other things, failing to meet the minimum standards of the Federal Motor Carrier Safety Regulations, Department of Transportation and the Colorado Department of Transportation, failing to keep a proper lookout, distracted driving, failing to pay attention to traffic on the road, failing to maintain a safe distance between him and the vehicle in front of him, and failing to stop Defendant AY Trucking, Inc.'s vehicle for stopped traffic ahead thereby causing a rear end collision.

37.    Defendant Mikhail Matskevitch's actions and inactions in causing injuries to Plaintiff Lexi Tehven were reckless, careless, and negligent.

38.    As a direct and proximate result of the reckless, careless, and negligent actions and inactions of Defendant Mikhail Matskevitch alleged herein, Plaintiff Lexi Tehven sustained damages.

39.    As a direct and proximate result of Defendant Matskevitch's reckless, careless, and negligent conduct, Plaintiff Lexi Tehven sustained injuries, damages, and losses as further described herein, in amounts to be proven in trial.

40.    Plaintiff Lexi Tehven sustained damages for past and future economic losses, including but not limited to medical expenses, lost income, loss of earning capacity, out-of-pocket expenses, as well as past and future physical impairment, disfigurement, loss of enjoyment of life, pain, suffering, discomfort, inconvenience, mental and emotional distress, caused by Defendant Matskevitch's conduct described herein, the amount of which will be proved at trial.

## SECOND CLAIM FOR RELIEF
### (Negligence *per se* against Defendant Mikhail Matskevitch)

41.    Plaintiff Lexi Tehven incorporates by reference the preceding paragraphs of this Complaint.

42.  Defendant Mikhail Matskevitch owed a duty to exercise reasonable care to Plaintiff Lexi Tehven while operating Defendant AY Trucking, Inc.'s vehicle on a Colorado roadway.

43.  Defendant Mikhail Matskevitch further owed Plaintiff Lexi Tehven a duty to drive prudently, carefully, safely, and cautiously, including following all laws and regulations pertaining to operating a vehicle on a Colorado roadway.

44.  On December 14, 2017, Defendant Mikhail Matskevitch was subject to the laws and regulations pertaining to operating a vehicle on a Colorado roadway.

45.  The laws and regulations pertaining to operating a vehicle on a Colorado roadway were intended to preserve life and prevent bodily injury to persons traveling on Colorado roadways.

46.  Plaintiff Lexi Tehven is a member of the class (persons traveling on Colorado roadways) for whose benefit those laws and regulations were passed.

47.  On December 14, 2017, Defendant Mikhail Matskevitch violated numerous laws and regulations and breached his duty of care that was owed to Plaintiff Lexi Tehven.

48.  At the time of the collision, Defendant Matskevitch was in violation of certain Colorado statutes pertaining to safe driving, including, but not limited to, C.R.S. §§ 42-4-235(4)(a)(I), 42-4-1008, 42-4-1401, and 42-4-1402.

49.  Plaintiff Lexi Tehven suffered the same type of harm that the laws and regulations were intended to prevent.

50.  Accordingly, Defendant Matskevitch's violation of certain statutes, codes, and/or ordinances constitutes negligence *per se.*

51.  As a result of said actions and inactions of Defendant Matskevitch, Plaintiff Lexi Tehven sustained damages for past and future economic losses, including but not limited to medical expenses, lost income, loss of earning capacity, out-of-pocket expenses, as well as past and future physical impairment, disfigurement, loss of enjoyment of life, pain, suffering, discomfort, inconvenience, mental and emotional distress, caused by Defendant Matskevitch's conduct described herein, the amount of which will be proved at trial.

## THIRD CLAIM FOR RELIEF
### (Vicarious Liability/Respondeat Superior against Defendant AY Trucking, Inc.)

52.  Plaintiff Lexi Tehven incorporates by reference the preceding paragraphs of this Complaint.

53.   At all times relevant on December 14, 2017, Defendant Mikhail Matskevitch was an employee of Defendant AY Trucking, Inc. and was acting within the course and scope of his employment or agency.

54.   At all times relevant on December 14, 2017, Defendant Mikhail Matskevitch was operating Defendant AY Trucking, Inc.'s vehicle with permission from Defendant AY Trucking Inc.'s for its business purposes.

55.   At all times relevant on December 14, 2017, the vehicle being driven by Defendant Mikhail Matskevitch bore the logo of "AY Trucking" on its doors and had US DOT number 1811492 on it, which is the US DOT number for Defendant AY Trucking, Inc., with the knowledge and permission of the Defendant AY Trucking, Inc. for its business purposes.

56.   While working on behalf of the Defendant AY Trucking, Inc., Defendant Mikhail Matskevitch owed a duty to exercise reasonable care to Plaintiff Lexi Tehven while operating his vehicle on a Colorado roadway.

57.   While working on behalf of the Defendant AY Trucking, Inc., Defendant Mikhail Matskevitch owed a duty to operate his vehicle in a manner that did not create an unreasonable risk of harm to others and specifically to Plaintiff Lexi Tehven.

58.   While working on behalf of the Defendant AY Trucking, Inc., Defendant Mikhail Matskevitch further owed Plaintiffs a duty to drive prudently, carefully, safely and cautiously, including, but not limited to, the duty to operate the vehicle consistently with the minimum requirements of the Federal Motor Carrier Safety Regulations, Department of Transportation and Colorado Department of Transportation, the duty to keep a proper lookout, to pay attention to traffic on the road, the duty to maintain a safe distance between him and the vehicle in front of him, and the duty to stop Defendant AY Trucking, Inc.'s vehicle for stopped traffic and not rear-end the vehicle in front of him.

59.   While working on behalf of the Defendant AY Trucking, Inc., Defendant Mikhail Matskevitch breached his duties by failing to operate AY Trucking. Inc.'s vehicle in a safe and reasonable manner by among other things, failing to meet the minimum standards of the Federal Motor Carrier Safety Regulations, Department of Transportation and the Colorado Department of Transportation, failing to keep a proper lookout, failing to pay attention to traffic on the road, failing to maintain a safe distance between his and the vehicle in front of him, and failing to stop Defendant AY Trucking, Inc.'s vehicle for stopped traffic ahead thereby causing a rear end collision.

60.   While working on behalf of the Defendant AY Trucking, Inc., Defendant Mikhail Matskevitch's actions and inactions in causing injuries to Plaintiff Lexi Tehven were reckless, careless, and negligent.

61.  As a direct and proximate result of the reckless, careless, and negligent actions and inactions of Defendant Mikhail Matskevitch, performed while working on behalf of the Defendant AY Trucking, Inc. alleged herein, Plaintiff Lexi Tehven sustained damages.

62.  Plaintiff Lexi Tehven sustained damages for past and future economic losses, including but not limited to medical expenses, lost income, loss of earning capacity, out-of-pocket expenses, as well as past and future physical impairment, disfigurement, loss of enjoyment of life, pain, suffering, discomfort, inconvenience, mental and emotional distress, caused by Defendant Matskevitch's conduct described herein, the amount of which will be proved at trial.

63.  The Defendant AY Trucking, Inc. is vicariously liable as employer and/or principal for the negligent actions, inactions, and conduct of its employees and/or agents, including the actions, inactions, and conduct of Defendant Mikhail Matskevitch, while acting within the course and scope of his employment or agency with the Defendant AY Trucking, Inc. on December 14, 2017.

64.  The vicariously negligent actions, inactions, and conduct of Defendant AY Trucking, Inc. were a direct and proximate cause of Plaintiff Lexi Tehven's past and future injuries, damages, and losses, all as described herein, the amounts of which will be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Negligence against Defendant AY Trucking, Inc.)

65.  Plaintiff Lexi Tehven incorporates by reference the preceding paragraphs of this Complaint.

66.  Defendant AY Trucking, Inc. owned the vehicle driven by Defendant Matskevitch on the date of the collision described above and Defendant AY Trucking, Inc. had control over the use of the vehicle.

67.  Defendant AY Trucking, Inc. authorized and entrusted Defendant Matskevitch to use its vehicle on the date of the collision.

68.  Prior to December 14, 2017, Defendant AY Trucking, Inc. knew or should have known about Defendant Matskevitch's history of numerous traffic violations resulting in many years of suspension of his driving privileges.

69.  Because of Defendant Matskevitch's history numerous traffic violations resulting in many years of suspension of his driving privileges, he was unfit to be working as a commercial truck driver.

70.  Defendant AY Trucking, Inc. owed a duty to the driving public, including Plaintiff, to act reasonably in entrusting a vehicle to another person and had a duty not entrust its vehicle

to a person they knew or reasonably should have known would pose an unreasonable danger to others while driving, specifically Defendant Matskevitch.

71.   Defendant AY Trucking, Inc. breached its duties to Plaintiffs by entrusting its vehicle to Defendant Matskevith, whom it knew or reasonably should have known posed an unreasonable danger to others while driving based on his history of traffic violations.

72.   Defendant AY Trucking, Inc. owed a duty to ensure that it and its employee Defendant Matskevitch followed the minimum standards of the Federal Motor Carrier Safety Regulations, Department of Transportation, and Colorado Department of Transportation.

73.   Defendant AY Trucking, Inc. breached its duties by failing to ensure that it and its employee followed the minimum standards of the Federal Motor Carrier Safety Regulations, Department of Transportation and Colorado Department of Transportation, including failing to employ trusted, fit, and responsible drivers, and failing to acknowledge the negligent driving history of its employee.

74.   Defendant AY Trucking, Inc. owed Plaintiff a duty to use reasonable care in hiring a safe driver who would not create a danger to the public in carrying out the duties of his job.

75.   Defendant AY Trucking, Inc. breached its duties to Plaintiff by, among other things, failing to use reasonable care in hiring a safe driver who would not create a danger to the public in carrying out the duties of the job when it hired Defendant Matskevitch.

76.   Defendant AY Trucking, Inc. owed a duty to exercise reasonable care to Plaintiff Lexi Tehven while training and supervising employees, and specifically Defendant Matskevitch, to have its vehicles driven on Colorado roadways.

77.   Defendant AY Trucking, Inc. breached its duty to exercise reasonable care to Plaintiff Lexi Tehven by failing to properly train and supervise Defendant Matskevitch, to have its vehicles driven on Colorado roadways.

78.   Defendant AY Trucking, Inc. owed Plaintiff a duty to engage in reasonable and safe employee-retention practices, including, but not limited to, the duty to retain only safe and qualified drivers to operate vehicles for AY Trucking, Inc.'s commercial purposes.

79.   Defendant AY Trucking, Inc. breached its duties to Plaintiff to engage in reasonable and safe employee-retention practices by, among other things, retaining an unsafe and unqualified driver, Defendant Matskevitch, to operate a vehicle for AY Trucking, Inc.'s commercial purposes.

80.   Defendant AY Trucking, Inc. owed Plaintiff a duty to ensure that its employee-drivers exercised reasonable care and prudence in the operation of vehicles including, but not limited to, ensuring its employee-drivers kept a proper lookout, ensuring its employee-

drivers paid attention to traffic on the road, ensuring its employee-drivers didn't drive in a reckless manner, and ensuring its employee-drivers avoided collisions with other vehicles.

81.    Defendant AY Trucking, Inc. breached its duties to Plaintiff to ensure its employee-drivers exercised reasonable care and prudence in the operation of vehicles by, among other things, failing to ensure Defendant Matskevitch kept a proper lookout, failing to ensure Defendant Matskevitch paid attention to traffic on the road, failing to ensure Defendant Matskevitch didn't drive in a reckless manner, and failing to ensure Defendant Matskevitch didn't collide with Plaintiff's vehicle.

82.    Defendant AY Trucking, Inc.'s actions and inactions in causing injuries to Plaintiff Lexi Tehven were reckless, careless, and negligent.

83.    As a direct and proximate result of the reckless, careless, and negligent actions and inactions of the Defendant AY Trucking, Inc. alleged herein, Plaintiff Lexi Tehven sustained damages.

84.    Plaintiff Lexi Tehven sustained damages for past and future economic losses, including but not limited to medical expenses, lost income, loss of earning capacity, out-of-pocket expenses, as well as past and future physical impairment, disfigurement, loss of enjoyment of life, pain, suffering, discomfort, inconvenience, mental and emotional distress, caused by Defendant AY Trucking, Inc.'s conduct described herein, the amount of which will be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment jointly and severally against Defendants for damages in amounts to be determined at trial, as follows:

1.    Economic damages, including, but not limited to, past and future medical and rehabilitation expenses, out of pocket expenses, lost earning capacity, and lost past and future income;

2.    Non-economic damages, including, but not limited to, past and future pain and suffering, loss of enjoyment of life, inconvenience, mental anguish, and emotional distress;

3.    Damages for disfigurement and permanent physical impairment;

4.    All other compensatory damages caused by Defendants' actions, inactions, and conduct, to be proven at trial;

5.    Pre-judgment and post-judgment interest as provided for by law;

6.    Attorney fees, costs, and expenses of this action as provided for by law; and

7.     For such other and further relief as the Court deems just, reasonable, and proper.

## JURY TRIAL DEMAND

Plaintiff Lexi Tehven hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 11th day of December, 2020.

BURG SIMPSON
**ELDREDGE HERSH & JARDINE, P.C.**
*(Original signature on file at Burg Simpson*
*Eldredge Hersh & Jardine, P.C.)*

*Stephen J. Burg*
Stephen J. Burg, Reg. No. 39789
40 Inverness Drive East
Englewood, CO 80112
(303)792-5595
*Attorneys for Plaintiff Lexi Tehven*

**Plaintiff's Address**
324 Inverness Drive South
Apartment 7205
Englewood, CO 80112